### JAMASON v. PALM BEACH NEWSPAPERS, et al.
No. 82-4789
Fifteenth Judicial Circuit, Palm Beach County
July 15, 1983

Joseph D. Farish, Jr., for plaintiff.

Talbot D'Alemberte, L. Martin Reeder, Jr., Steel Hector & Davis, for defendant Palm Beach Newspapers, Inc.

R. WILLIAM RUTTER, JR., Circuit Judge

THIS CAUSE came for hearing on Defendants' Motion for Summary Judgment directed toward the news articles attached as Exhibits B through G to the Complaint. Upon consideration of the motion, the record, the parties' argument, and Defendants' Memorandum of Law, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment is granted, and Final Summary Judgment is hereby entered for the Defendants and against Plaintiff on the Complaint insofar as it pertains to the news articles described in Paragraphs six through eleven and attached as Exhibits B through G of the Complaint, and the allegations relating thereto.[1]

The grounds upon which this Summary Judgment is granted are:

1.   The aforementioned articles were fair and accurate summaries of sworn testimony given by a police officer in a deposition taken in a judicial proceeding.

2.   The articles were privileged as neutral reports or republications about a matter of great public concern.

3.   The articles are protected by the principles of free speech embodied in the First Amendment and Plaintiff, as a public official, has been unable to offer any evidence, much less clear and convincing evidence, of actual malice.

The news items referenced in Paragraphs six through eleven of the Complaint essentially reiterate the information reported in the news article written by Mr. McEvoy and referenced in Paragraph 5 of the Complaint and attached as Exhibit A. This Court has already entered summary judgment for Defendants on Mr. McEvoy's article and the same legal principles set forth in that Order apply here.

Plaintiff's attempt to show actual malice based on the deposition testimony of reporters Wharton and Krueger is misguided. Those reporters testified they did not "believe" Jamason was guilty of taking bribes. However, it is apparent from the depositions and affidavits of those witnesses that they had no objective basis for determining the truth or falsity of Aurilio's allegations as stated by Nazzaro. *Edwards v. National Audubon Society, Inc.,* 556 F.2d 113 (2d Cir., 1977). The actual malice test does not impose liability on the basis of subjective opinion or uninformed impressions, but requires Plaintiff to show Defendants

[1]By Order dated June 16, 1983, this Court has already entered judgment in favor of the Defendants on the article described in Paragraph five and attached as Exhibit A to the Complaint.

knowingly published a lie or recklessly disregarded the truth. Plaintiff's evidence in this case falls far short of that standard.

THEREFORE, this Court orders final summary judgment in favor of all Defendants as to Paragraphs six through eleven enumerated in Plaintiff's Complaint and Exhibits B through G.

Defendants' Motion for Final Summary Judgment is hereby granted. Plaintiff shall take nothing by this suit and all Defendants shall go hence without day. The Court retains jurisdiction, however, to assess and tax costs in favor of Defendants.